**STATE OF WEST VIRGINIA**

*In re*: **L.G.-1, L.G.-2, K.G., and J.G.**

**No. 16-0647** (Roane County 15-JA-48, 15-JA-49, 15-JA-50, & 15-JA-51)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Father C.G., by counsel Andrew S. Ryan, appeals the Circuit Court of Roane County's June 17, 2016, order terminating his parental rights to eight-year-old L.G.-1, six-year-old L.G.-2, three-year-old K.G., and one-year-old J.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Anita Harold Ashley, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he abused and neglected his children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the DHHR filed an abuse and neglect petition against petitioner and the children's mother that alleged that the parents' drug abuse resulted in the children's abuse. The DHHR also alleged that the home was unsanitary, the children had not received proper dental care, and the parents denied a DHHR worker entry into the home. The DHHR further alleged that petitioner and the mother were involved in a pending abuse and neglect case in Jackson County, West Virginia and they refused to cooperate in services in that case. Subsequently, the circuit court held a preliminary hearing wherein petitioner and the mother failed to appear because they were not properly served. The parties' counsel appeared and the hearing proceeded without them. A DHHR worker testified that both parents were non-compliant with her requests to enter the home after receiving a referral and they had visible sores on their bodies that were "consistent with drug use." The worker also testified that the mother appeared

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children in this matter share the same initials, the Court refers to them as L.G.-1 and L.G.-2, respectively.

to be groggy, disheveled, and staggering. The circuit court granted petitioner and the mother leave to file a motion for a supplemental preliminary hearing due to the lack of notice. Neither petitioner nor the mother requested a supplemental preliminary hearing in this matter.

In January of 2016, the circuit court held an adjudicatory hearing wherein the mother testified that neither she nor petitioner had substance abuse problems and both would "pass a drug screen that day." The circuit court ordered petitioner and the mother to submit to a drug screens and ordered a recess during the hearing. The mother tested positive for amphetamines and Suboxone. Petitioner tested positive for amphetamines, Suboxone, and methamphetamines. The mother objected to the relevance of the drug screen to the extent that it would be used as evidence of her drug use at adjudication. The circuit court noted the mother's objection and stated that the positive drug screen would be relevant to her credibility as a witness. Petitioner moved the circuit court to continue the remainder of the hearing until the parties received laboratory confirmation of the drug screens.

In February of 2016, the circuit court concluded the adjudicatory hearing and was presented with confirmation of petitioner's prior positive drug screens and the same were admitted into evidence. Petitioner admitted that he relapsed by using Suboxone following the removal of the children. The mother similarly admitted that she relapsed by using Suboxone following the removal of the children. A DHHR worker testified that petitioner did not keep in contact with the DHHR and did not attend random drug screens, which were a prerequisite to visitation with the children. At the close of the DHHR's evidence, the mother moved the circuit court to continue the hearing for another day so that she could present additional witnesses. The circuit court granted her motion and ordered petitioner and the mother to submit to random drug screens. At a subsequent hearing, the mother presented the testimony of her aunt who stated that she had not observed either petitioner or the mother using drugs, as she did in the past. She admitted, however, that she had not observed either party recently and had only seen them "a couple of times" in the last year. Based on the evidence presented at the adjudicatory hearing, the circuit court found by clear and convincing evidence that petitioner abused drugs which adversely affected his ability to parent his children and resulted in the children's abuse. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period.

In May of 2016, the circuit court held a dispositional hearing and addressed petitioner's motion for a post-adjudicatory improvement period. Petitioner appeared in person and the mother failed to appear. A DHHR worker testified that petitioner failed to comply with the circuit court's orders. The worker testified that petitioner failed to submit to random drug screens, except for his initial drug screen at the January of 2016 hearing. The worker also testified that petitioner failed to visit the children because he refused to submit to random drug screens, failed to submit to a psychological evaluation and parental fitness evaluation, and failed to keep in contact with the DHHR. The circuit court found that petitioner failed to take responsibility for his actions and failed to participate in services during the pendency of the proceedings. The circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and denied petitioner's motion for an improvement period. Based on the evidence presented, the circuit court terminated petitioner's parental rights to the children by order dated June 17, 2016. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court should not have considered his failed January of 2016 drug screen as evidence at his adjudication. However, there is no evidence on the record that petitioner objected to the admission of his failed drug screen as evidence at the adjudicatory hearing. This Court has routinely held that a party must assert a right in the circuit court to preserve the issue for appellate review. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal.") (citation omitted). As such, we decline to address petitioner's argument on appeal.

To the extent that petitioner argues that there was insufficient evidence to adjudicate him as an "abusing parent," we disagree. Specifically, petitioner asserts that the circuit court erred when it considered his failed drug screen during adjudication because that evidence did not "exist at the time of removal" and it was the sole basis for his adjudication. However, petitioner's argument ignores the multiple bases for the circuit court's adjudication and the substantial evidence supporting the same.

According to West Virginia Code § 49-1-201, an abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." Similarly, an "[a]busing parent means a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." *Id*. We have also explained that

> "W.Va. Code, [§] [49-4-601(2)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any

particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Upon our review, we find that the record demonstrates that the circuit court was presented with ample evidence of petitioner's abuse of the subject children. Moreover, substance abuse was not the only factor upon which petitioner was adjudicated. In addition to the testimony that petitioner appeared to have sores and marks on his face and arms that were consistent with signs of substance abuse, the circuit court was presented with evidence that petitioner's home was in an unsanitary and unlivable condition, and that petitioner failed to secure dental treatment for the children. A DHHR worker testified that the home was filthy, the mattresses and bedding were dirty, and the children were not clean. She also testified that the oldest child, L.G.-1, had only been to a dentist once and had four of her teeth extracted due to "bottle rot." She further testified that another child, K.G., required emergency dental surgery as a result of severe tooth decay. The mother's undisputed testimony at adjudication was that the three youngest children had never been to a dentist and still drank from a baby bottle. Based upon the record, the evidence of abuse and neglect was sufficient to support the circuit court's findings that petitioner was an abusing parent and that the children were abused and neglected.

Although petitioner denied abusing drugs, the circuit court was not required to accept his testimony as true. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Petitioner presented no evidence disputing the drug abuse allegations, other than his testimony that he had been clean for approximately eight years despite his admitted relapse on Suboxone. As such, the circuit court was free to consider petitioner's failed drug screen to gauge his credibility as a witness. The circuit court was in the best position to weigh witness credibility. We find no error in the findings of abuse and neglect of the children at issue.

For the foregoing reasons, the circuit court's June 17, 2016, termination order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4